[Civ. No. 22655. Fourth Dist., Div. One. Apr. 13, 1981.]

LINA KISIELIUS, Plaintiff and Appellant, v.
DEPARTMENT OF MOTOR VEHICLES et al., Defendants
and Respondents.

COUNSEL

Thomas L. Marshall for Plaintiff and Appellant.

George Deukmejian, Attorney General, and Janelle B. Davis, Deputy Attorney General, for Defendants and Respondents.

OPINION

**BROWN (Gerald), P. J.**—Lina Kisielius appeals an order denying her petition for a writ of mandate compelling the Department of Motor Vehicles (DMV) to restore her driving privilege.

Kisielius was convicted of drunk driving (Veh. Code, § 23102) three times between December 1975 and July 1979—a period of about three and one-half years. On her second conviction in September 1978, the municipal court placed her on probation; instead of suspending her driving privilege, it ordered her to participate in an alcoholism treatment program under Health and Safety Code section 11837 et seq. The third conviction occurred less than a year later, while Kisielius was still on probation for the second conviction and participating in the treatment program. The municipal court ordered she "be permitted to complete" probation, on condition she comply with the court's September 1978 order. The order also stated, ". . . the Court declines to take a position regarding the power of the California Department of Motor Vehicles to revoke [Kisielius'] driving privilege." On August 31, 1979, the DMV notified Kisielius it had revoked her driving privilege, effective July 3, 1979. Contending the DMV lacked power to do so while she was participating in a treatment program under Health and Safety Code section 11837 et seq., Kisielius sought a writ of mandate to compel the DMV to restore her driving privilege. The superior court denied her petition, and she appeals.

■ The DMV must revoke the driving privilege of a person convicted of drunk driving three times within a seven-year period (Veh. Code, § 13352, subd. (e)). However, where the court certifies it has referred an individual to an approved alcoholism treatment program under Health and Safety Code section 11837 et seq., the DMV may not revoke his driving privilege (Veh. Code, § 13352.5, subd. (a)). A person

whose driving privilege has been suspended or revoked may also be referred to a treatment program (Health & Saf. Code, § 11837, subd.(c); Veh. Code, § 23102.3). A person is not eligible for admission or re-admission to a treatment program under Health and Safety Code section 11837 et seq. until at least four years after the end of any "prior participation"—successful or unsuccessful—in such a program; if he is again convicted of drunk driving after completing a treatment program, the four-year period is calculated from the date of the offense (Health & Saf. Code, § 11837.3).

Kisielius disputes the superior court's finding she was not participating in a treatment program under Health and Safety Code section 11837 et seq. on her third conviction. However, the municipal court's order of July 12, 1979, following the third conviction, specifically refers to completion of Kisielius' probation; it did not order her to begin a new treatment program. In addition, no evidence was presented to the superior court showing the municipal court had certified to the DMV Kisielius was participating in a treatment program ordered on her third conviction. Finally, because her "prior participation" in the treatment program ordered on her second conviction had not yet even ended, Kisielius was not eligible under Health and Safety Code section 11837.3 for referral to a treatment program on her third conviction. Substantial evidence supports the superior court's finding. Because Kisielius was not participating in a treatment program ordered on the third conviction, section 13352.5 of the Vehicle Code did not preclude the DMV from revoking her driving privilege.

Kisielius argues, however, as long as an individual is participating in a court-ordered alcoholism treatment program, the DMV wholly lacks power to suspend or revoke his driving privilege, even if he is again convicted of drunk driving. This contention is without merit. Under the statutory scheme, referral to a treatment program and suspension or revocation of the driving privilege are not mutually exclusive alternatives. Indeed, Health and Safety Code section 11837 subdivision (c), specifically authorizes the court to order a person whose driving privilege has been suspended or revoked to participate in treatment. Moreover, under Health and Safety Code section 11837.3, an individual who is convicted of drunk driving within four years of participating in a program is ineligible for referral to treatment, and the DMV may suspend or revoke his driving privilege under the applicable provisions of the Vehicle Code. It would be anomalous to permit a person to retain his driving privilege merely because his next offense occurred sooner—while he was still

participating in treatment. The statutory scheme reflects a legislative intent not to permit frequent repeat offenders to retain driving privileges while undergoing treatment. Section 13352.5 of the Vehicle Code does not deprive the DMV of power to suspend or revoke the driving privilege of an individual who is convicted of drunk driving while participating in a court-ordered treatment program, under Health and Safety Code section 11837 et seq., for an earlier offense.

The order is affirmed.

Cologne, J., and Work, J., concurred.